People v Jackson (2025 NY Slip Op 50949(U))

[*1]

People v Jackson

2025 NY Slip Op 50949(U)

Decided on June 10, 2025

Supreme Court, Erie County

Boller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 10, 2025
Supreme Court, Erie County

The People of the State of New York

against
David E. Jackson, Defendant

Ind. No. 70395-25/001

Michael J. Keane, Esq.
District Attorney, Erie County
Mitchell C. Boughton, A.D.A.
for the people
Francis C. Amendola, Esq.
for defendant

M. William Boller, J.

The defendant is charged with Criminal Possession of a Weapon in the Second Degree, pursuant to Penal Law §265.03(3) and two counts of Criminal Possession of a Controlled Substance in the 7th Degree, pursuant to Penal Law §220.03 by way of indictment. The defendant has filed a motion seeking various relief. This decision concerns the defendant's request the Court strike the People's Certificate of Compliance and dismiss the indictment due to the People's failure to meet their discovery obligations with in the statutory speedy trial period. The People have opposed this motion.
The defendant was initially charged by way of felony complaint on February 5, 2024. The defendant was arraigned on the charges on February 6, 2024. The defendant was later indicted on the above-mentioned charges and arraignment was initially scheduled February 13, 2025. The actual arraignment occurred on March 14, 2025.
Pursuant to CPL §30.30(1)(a), the People must be ready for trial, "six months of the commencement of the criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony." To sufficiently declare ready for trial, the People must have met their discovery obligations and filed a Certificate of Compliance in good faith. The People filed their initial Certificate of Compliance and statement of readiness on March 11, 2025. It should be noted, prior to addressing the specific issues raised by the defendant regarding the People's trial readiness, that there were numerous CPL §30.30 time waivers during the course of this case. [*2]As outlined in the People's supplemental answering affidavit, the defendant waived 30 days of CPL §30.30 time on May 31, 2024, an additional 30 days on August 7, 2024, an additional 60 days on September 16, 2024, 60 additional days on October 29, 2024 and finally an additional 60 days on November 15, 2024.In addition to the CPL §30.30 time waivers, the defendant was initially scheduled for arraignment on this indictment on February 13, 2025, but did not appear on that date, or two subsequent dates. 
The defendant, in his motion, now seeks to strike the People's Certificate of Complinace and statement of readiness and further, dismiss the indictment pursuant to CPL §§30.30 and 210.20(1)(g). The defendant argues that the People did not provide a copy of the search warrant, application and return until April 22, 2025. The defendant further argues that while the People disclosed the existence of seventeen tangible objects, they do not contain designations required under CPL §245.20(1)(m).
As it relates to the search warrant, application and return, the People have submitted proof that the material in question was provided to the defense on April 22, 2024, a year prior to when the defendant alleges. The Court has also reviewed the People's initial Certificate of Compliance filed on March 11, 2025 which outlines these documents having been provided on April 22, 2024. Therefore, as it relates to the search warrant an accompanying paperwork, the People have complied with CPL §245.20 and as such, the defendant's argument on this point is without merit. 
The Court now turns to the second issue raised by the defendant, the designation of tangible objects. The People did not expressly address this issue in their answering affidavit, however, they did "disclaim, dispute, and contest each and every allegation." Under CPL §245.20(1)(m), the People must disclose,
"A list of all tangible objects obtained from, or allegedly possessed by, the defendant or a co-defendant. The list shall include a designation by the prosecutor as to which objects were physically or constructively possessed by the defendant and were recovered during a search or seizure by a public servant or an agent thereof, and which tangible objects were recovered by a public servant or an agent thereof after allegedly being abandoned by the defendant. If the prosecution intends to prove the defendant's possession of any tangible objects by means of a statutory presumption of possession, it shall designate such intention as to each such object. If reasonably practicable, the prosecution shall also designate the location from which each tangible object was recovered. There is also a right to inspect, copy, photograph and test the listed tangible objects."
In the People's initial Certificate of Compliance they disclosed seventeen items of evidence as well as the location the items were recovered. The Certificate of Compliance did not delineate whether the property was actually or constructively possessed by the defendant or whether a statutory presumption was used. 
There is minimal case law that deals directly with CPL §245.20(1)(m) and it appears absent as to the issue raised by the defense. The primary purpose of this subdivision is to alert the defendant of tangible property in the People's possession. The statute then goes on to add the location the tangible property was recovered, the nature of the defendant's possession and whether a statutory possession was used. Clearly, the People must disclose a list of tangible [*3]property. Failure for the People to do so could easily result in preclusion of that evidence or, depending on the nature of the evidence, an issue with the Certificate of Compliance and readiness statement. The location where the tangible property was recovered should also be provided (and should be readily apparent and easy to provide). 
In this case, the People did not designate whether the property was actual or constructively possessed. Further, the People did not provide an information on whether a statutory presumption was used. As it relates to the actual or constructive possession, the People did provide a copy of the Grand Jury minutes as well as various police and property reports. A review of those documents provides a fairly clear picture as to where and how the tangible items where recovered. While it would be best practice to delineate this information where possible, this alone does not come anywhere close to providing cause to invalidate a Certificate of Compliance and strike a statement of readiness. 
As to whether a presumption was used, that information may be important as it relates to whether or not a defendant is entitled to certain pre-trial hearings. Whether or not a presumption is used at trial can change up to and during the course of the trial depending on the nature of the proof an arguments during a charge conference. The property remedy here, is if a presumption was used in charging a Grand Jury, and not disclosed, the defendant could be entitled to the re-opening of or the granting of a suppression hearing. It does not appear the any statutory presumptions are at issue at this point and the defendant was granted suppression hearings. Therefore, there is again insufficient grounds to invalidate a Certificate of Compliance or strike the People's statement of readiness. 
The Court has accepted the People's Certificate of Compliance and statement of readiness. Therefore, the defendants' motion to dismiss the indictment pursuant to CPL §30.30 due to the defendant's argument that the People committed discovery violations and therefore their statement of readiness was illusory is DENIED.
SO ORDERED.
HONORABLE M. WILLIAM BOLLER
A.J.S.C.
DATED: June 10, 2025
BUFFALO, NEW YORK